943 So.2d 102 (2006)
W.D. ANDERSON a/k/a W.D. Anderson, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01136-COA.
Court of Appeals of Mississippi.
November 21, 2006.
W.D. Anderson (Pro Se), attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
IRVING, J., for the Court.
¶ 1. W.D. Anderson appeals a judgment of the Holmes County Circuit Court summarily denying his motion for post-conviction relief. He asserts that (1) he received ineffective assistance of counsel, and (2) the trial court abused its discretion in refusing to appoint new counsel to represent him, and in refusing to hold an evidentiary hearing on his motion for post-conviction relief.
¶ 2. We find no merit to these allegations of error and affirm the judgment of the trial court.

FACTS
¶ 3. On August 11, 2001, Anderson entered the home of Hattie Coleman Smith in Holmes County, Mississippi and physically attacked her with an unknown object. Jean Hill, who was Smith's day-sitter, was also attacked. Smith was killed, but Hill survived. Before leaving the home, Anderson took several items of personal property belonging to Smith.
¶ 4. Anderson was indicted by a Holmes County grand jury, as a habitual offender, for capital murder, aggravated assault, robbery, and possession of a firearm by a convicted felon. Pursuant to a plea agreement, Anderson pleaded guilty to robbery and aggravated assault. The charges of capital murder and possession of a firearm by a convicted felon were passed to the files. Consistent with the terms of the plea agreement, the court sentenced Anderson as a habitual offender to two concurrent life sentences.
¶ 5. Approximately nineteen months after entering his guilty pleas, Anderson filed a "Motion to Vacate Judgment and *104 Sentence," which the court treated as a motion for post-conviction relief. Affidavits from Anderson's wife, mother, a brother, and a son were attached to or filed with the motion.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Ineffective Assistance of Counsel
¶ 6. Anderson argues that his trial counsel were ineffective because they failed to investigate the facts. He contends that if his attorneys had conducted an investigation they would have discovered that another individual, Kevin Thomas, may have been the one who committed the crimes. Anderson makes this accusation because, according to him, Kevin turned in some of the items which were allegedly taken during the course of the "robbery/homicide." Anderson also contends that his attorneys knew that there was not any physical evidence that connected him to the crimes but refused to defend him. In Anderson's words, "[t]hese two attorneys were bent on having [me] plead guilty . . . because this was a high profile case by the very nature of the crimes and the prominence of the alleged victims within the community." Anderson also charges that his attorneys threatened and coerced him into pleading guilty and instructed him to lie to the court regarding the existence of any threats or promises to induce him to plead guilty. Finally, Anderson contends that his trial counsel failed him by not objecting to the habitual evidence offered by the State during the plea qualification hearing, thereby allowing him to plead guilty as a habitual offender without the State first proving that he is one and the same person indicated in the habitual evidence offered by the State.
¶ 7. The record belies the contentions made by Anderson regarding his trial counsel. After the trial court advised Anderson of the rights that he would forfeit or waive by pleading guilty, the record reflects the following exchange:
Q. You understand that you're entering pleas to the charge of aggravated assault, and the charge of robbery?
A. Yes, ma'am.
Q. And you're entering these pleas as a habitual offender?
A. Yes, ma'am.
Q. Do you understand the nature of these charges against you?
A. Yes, ma'am.
Q. Have you and your attorneys discussed the facts and circumstances surrounding these charges?
A. We have.
Q. Have you and your attorneys discussed all possible defenses you would have in a trial on these charges?
A. Yes.
Q. Are you satisfied with the advice and counsel of your attorneys?
A. Yes.
Q. Has anyone forced you, coerced you, or intimidated you in any way to get you to enter these pleas?
A. No, ma'am.
¶ 8. At another point in the record during the plea qualification hearing, we find the following:
THE COURT: Okay. [what does the] State's case show.
MR. POWELL: Your Honor, at trial the State would show, as to Count II, on August 11, 2001 in Holmes County, Mississippi, at the residence of Smith Coleman Smith, that Mr. Anderson came up to Mrs. Smith's residence on that day, and there were  Ms. Smith was at home, together with Jean Hill, who was *105 staying there, sitting with her during the day. That he drove up to the home, entered the door there under the garage and had an object of some type in his hand. When he entered the house, he began hitting both Ms. Hill and Ms. Smith, and by violence to their persons and putting them in fear of immediate injury to their person, he was able to take from the presence of Ms. Smith, from her person and her home, some of her personal property, including a TV and VCR, two guns and a necklace which had been given to her as a gift by her daughter; that that event, taking of that property against the will of Ms. Smith by force or violence, placing her in fear, constitutes the crime of robbery. In Count III, the same facts would apply to Count III, the injury to Ms. Hill, he used with  the object that he struck her with caused serious bodily injuries during the course of that robbery, and constitutes an aggravated assault.
BY THE COURT:
Q. Okay. Mr. Anderson, you've just heard the statements made by the State as to what their case would show in the trial of Cause No. 10994, Count II and Count III of the indictment. Do you agree with what the State has just said as to what happened?
A. Yes, ma'am.
* * *
THE COURT: Mr. Anderson, this court finds that your pleas are freely and voluntarily given, there is a factual basis to support the charges against you, and this court will accept your guilty pleas. State have a recommendation?
MR. POWELL: State does. For the record, Your Honor, for the habitual offender statute is Hinds County Cause No. 5-603, which was an armed robbery conviction on October 12, 1992, And Holmes County Charge No. 9541, which was a robbery conviction. And in each of those he meets the statutory requirements, in that he was sentenced to terms of more than one year in the penal institutions of the State of Mississippi, and that he actually served more than one year on each of those charges.
¶ 9. In Anderson's "Petition to Enter Plea of Guilty," he swore that he previously had been convicted of armed robbery in Hinds County, Mississippi on September 25, 1981, and of robbery in Holmes County, Mississippi on October 12, 1992. Notably, during the guilty plea hearing, Anderson did not contest the district attorney's statement regarding Anderson's prior felony convictions and time served.
¶ 10. "Trial judges are entitled to place great weight upon a defendant's initial plea under oath." Templeton v. State, 725 So.2d 764, 767(¶ 10) (Miss.1998). "Where the record and [Anderson's] prior sworn testimony on their very face belie his claim, an evidentiary hearing is not required." Id. at 767(¶ 11). The trial judge correctly refused to set aside Anderson's pleas and sentences based on Anderson's bald allegations that his counsel failed to effectively represent him. Although Anderson presented four affidavits with his motion, we agree with the trial court that none of the affidavits offered any substantive facts in support of Anderson's contention that his pleas were not voluntary because of the ineffectiveness of his counsel.
¶ 11. In order to succeed on a claim of ineffective assistance of counsel, Anderson is required to show that his attorneys' performance was deficient and that the deficiency prejudiced his defense. Id. at 767(¶ 8) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To meet this criteria, *106 Anderson must show that his attorneys "made errors so serious" that they denied him the quality of legal representation guaranteed him by the Sixth Amendment of the United States Constitution, resulting in the deprivation of a fair trial, "a trial whose result [was] reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 12. We note that, based on the indictment, Anderson could have received the death penalty had he gone to trial and been convicted of capital murder as alleged in Count I. It is difficult to see how Anderson can reasonably argue that his attorneys did not serve him well when they negotiated a plea that prevented him from facing the death penalty. While Anderson and the affiants in the affidavits complain mightily that counsel did not ably represent Anderson, they fail to point to anything counsel could have done other than proceed to trial on a theory that Kevin Thomas may have committed the crimes because he turned in some of the items taken in the robbery. While the record does not inform us of Kevin's explanation of how he came into possession of the stolen items, the record is clear that Anderson had an opportunity to disagree with the State's proffered factual basis and did not. In fact, he affirmed that the State's version of what transpired was correct. That version did not include Kevin Thomas as an actor in the commission of either the robbery or the aggravated assault. We find no merit to this issue, as Anderson has wholly failed to meet the criteria set out in Strickland.
2. Abuse of Discretion
¶ 13. Anderson also argues in this appeal that the trial judge abused her discretion in refusing to appoint new counsel to represent him and in refusing to hold an evidentiary hearing on his motion to vacate judgment and sentence. Based on the record, including Anderson's sworn testimony at the plea hearing and his sworn petition to enter a guilty plea, an evidentiary hearing was not required. Templeton, 725 So.2d at 767(¶ 11).
¶ 14. The court appointed two able attorneys to represent Anderson. Indigent defendants are not entitled to appointed counsel of their choice. Taylor v. State, 744 So.2d 306, 316(¶ 34) (Miss.Ct. App.1999). We find no merit to this issue.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.