CARLTON, J.,
for the Court:
¶ 1. Thomas Taylor appeals the trial court’s dismissal of his motion for post-conviction relief (PCR). We find that Taylor’s claims are time-barred, and procedurally barred based on res judicata. Additionally, the record fails to reflect any documentation showing Taylor received permission to file a petition for post-conviction relief subsequent to the affirmance of his conviction of direct appeal. See Miss.Code Ann. § 99-89-7 (Supp.2012). Accordingly, we dismiss this appeal for lack of jurisdiction.
FACTS
¶ 2. On February 11, 1998, a Lowndes County jury convicted Taylor of capital rape, and the trial court sentenced him to life imprisonment. Taylor appealed his conviction and sentence on February 20, 1998, which this Court affirmed. See Taylor v. State, 744 So.2d 306, 320 (¶ 66) (Miss.Ct.App.1999).
¶ 3. On February 15, 2012, Taylor filed a request for a writ of habeas corpus in Greene County Circuit Court, the court of confinement, claiming illegal confinement. Taylor alleged that his indictment charging him with capital rape was forged and altered and, as a result, he had never been tried, convicted, and sentenced. The Greene County Circuit Court transferred the motion to the Lowndes County Circuit Court via an order transferring venue, explaining that “the trial court which ... sentenced [Taylor] has exclusive jurisdiction” over the matter.
¶4. In a notice of appeal postmarked May 4, 2012, Taylor filed an appeal in Greene County Circuit Court regarding the order transferring venue to Lowndes County. The Greene County Circuit Clerk informed Taylor that the case was transferred to Lowndes County Circuit Court, and therefore, “in the interest of justice,” she would forward his notice of appeal to Lowndes County as well.
¶ 5. The Lowndes County Circuit Court, treating Taylor’s filing as a PCR motion, summarily denied the motion on May 22, 2010. The trial court explained that on direct appeal, this Court had previously affirmed Taylor’s conviction to capital rape and sentence to life imprisonment. The trial court also stated that Taylor had failed to obtain permission from the supreme court to proceed in the trial court, thus barring Taylor’s PCR motion pursuant to Mississippi Code Annotated section 99-39-7. See Williams v. State, 98 So.3d 484, 487 (¶¶ 8-9) (Miss.Ct.App.2012). The trial court entered a second order relating to Taylor’s appeal of the Greene County Circuit Court’s order transferring venue, concluding that the trial court lacked jurisdiction to consider Taylor’s notice of appeal since the original order transferring venue was an order from another district. The court explained that it “[was] without jurisdiction to consider an appeal of an order from another district.”
¶ 6. Taylor now appeals, arguing that the circuit court erroneously dismissed his PCR motion. Upon review, we dismiss Taylor’s appeal for lack of jurisdiction, but we differ in our analysis regarding the basis for the lack of jurisdiction.
STANDARD OF REVIEW
¶ 7. A trial court’s dismissal of a motion for PCR will not be disturbed unless the trial court’s factual findings were clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo. *331 Robinson v. State, 904 So.2d 203, 204 (¶ 3) (Miss.Ct.App.2005).
DISCUSSION
¶ 8. Taylor asserts that the trial court erred in denying his motion for PCR. Taylor argues that he is illegally confined, and that his indictment for capital rape constitutes a “forgery.” As a result of this allegedly forged indictment, Taylor asserts that he has never been tried, convicted, and sentenced, and thus he is entitled to file his PCR motion.
¶9. Taylor also argues that the trial court erred in treating his request for a writ of habeas corpus as a motion for PCR. However, Mississippi Code Annotated section 99-39-3 (Rev.2007) provides:
[T]his article ... abolishes the common law writs relating to post-conviction collateral relief, including by way of illustration but not limitation ... post-conviction habeas corpus, as well as statutory post-conviction habeas corpus. The relief formerly accorded by such writs may be obtained by an appropriate motion under this article.
¶ 10. The record reflects that Taylor previously filed a direct appeal of his conviction and sentence, which this Court affirmed. See Taylor, 744 So.2d at 320 (¶ 66). Additionally, the record before us provides that on September 22, 2011, the supreme court denied Taylor’s application for leave to file the present PCR motion. See Miss.Code Ann. § 99-39-7.[1] The supreme court explained that since Taylor’s current claim “was raised and addressed on direct appeal,” the application for leave was procedurally barred by the doctrine of res judicata and failed to meet any exceptions. Taylor filed a motion for rehearing on October 14, 2011, seeking reconsideration of the dismissal of his application to file for post-conviction relief. The supreme court dismissed Taylor’s motion to reconsider. Taylor failed to obtain permission to file the present motion, and hence the trial court lacked jurisdiction to hear the matter as well as Taylor’s appeal of its transfer. See Miss.Code Ann. § 99-39-7. We note that in his PCR motion, Taylor re-argues issues previously determined on the direct appeal of his conviction. Id. at 316-17 (¶¶ 39-40), 320 (¶ 61).
¶ 11. Mississippi Code Annotated section 99-39-21(3) (Rev.2007) states: “The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.” In Lockett v. State, 614 So.2d 888, 893 (Miss.1992), the Mississippi Supreme Court held that “[rephrasing direct appeal issues for post-conviction purposes will not defeat the procedural bar of res judicata.” The supreme court also clarified that for purposes of post-conviction relief, “an alleged error should be reviewed, in spite of any procedural bar, only where the claim is so novel that it has not previously been litigated, or, perhaps, where an appellate court has suddenly reversed itself on an issue previously thought settled.” Irving v. State, 498 So.2d 305, 311 (Miss.1986). We recognize that the law requires that the petitioner carry the burden of demonstrating that his claim is not procedurally barred. Miss. Code Ann. § 99-39-21(6) (Rev.2007). See Sykes v. State, 919 So.2d 1064, 1066 (¶¶ 7-8) (Miss.Ct.App.2005).
*332 ¶ 12. The record also contains a November 1, 2011 order by the supreme court denying Taylor’s petition for a writ of habeas corpus. The order reflects:
Taylor has previously raised the same issue in a motion for post-conviction relief, which was dismissed by ... this Court on September 22, 2011. Taylor also filed a motion for reconsideration ... that ... was dismissed on October 14, 2011. The present motion is in the nature of a second motion for reconsideration of the same issue and should be dismissed.
¶ 13. This Court entered its opinion affirming Taylor’s conviction and sentence on March 23, 1999. The record shows that Taylor filed his PCR motion on January 23, 2012, and the record shows that the trial court entered its order dismissing the motion on May 22, 2012.[2] We lack jurisdiction since the Mississippi Supreme Court denied Taylor’s application for leave to file a PCR petition.
¶ 14. Finding no jurisdiction exists to empower this Court with authority to consider or review Taylor’s PCR motion, we affirm the trial court’s dismissal of Taylor’s motion.[3]
¶ 15. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ, BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Section 99-39-7 provides:
Where the conviction and sentence have been affirmed on appeal ... the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.

. Mississippi Code Annotated section 99-39-5(2) (Supp.2012) provides that "a motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon[.]”

. See generally Robinson v. State, 836 So.2d 747, 751 (¶ 11) (Miss.2002) (affirming judgment of the trial court but on a different basis than that relied on by the trial court).