# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00796-COA

**THOMAS TAYLOR A/K/A THOMAS EDWARD**      **APPELLANT**
**TAYLOR A/K/A TINKER**

**v.**

**STATE OF MISSISSIPPI**      **APPELLEE**

DATE OF JUDGMENT:      05/21/2018
TRIAL JUDGE:      HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:      LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      THOMAS TAYLOR (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
      BY: BILLY L. GORE
NATURE OF THE CASE:      CIVIL - POST-CONVICTION RELIEF
DISPOSITION:      AFFIRMED - 05/14/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1. Thomas Taylor appeals the Lowndes County Circuit Court's dismissal of another petition he has filed for post-conviction relief (PCR). We agree with the circuit court's determination that it lacked jurisdiction to hear the petition because Taylor had failed to obtain the supreme court's approval prior to filing.

## FACTS

¶2. On May 9, 1997, Taylor was indicted for carnally knowing a child under the age of

fourteen in violation of Mississippi Code Annotated section 97-3-65(1) (Rev. 1994).[1] The original indictment he was served listed the child as being under the age of fourteen. But when attempting to put the number in parentheses, a "0" instead of a ")" was typed at the end, thus reading "(140." The typist attempted to correct the error by superimposing the ")" mark over the "0," making it still seem that the numeric age of the child was less than 140. Another corrected indictment that clearly stated that the victim was "a child under the age fourteen (14) years" was then prepared, signed, and recorded on the same date.

¶3.     Taylor was tried, and on February 11, 1998, he was found guilty of raping an eight-year-old girl. He appealed his conviction of capital rape, and on March 23, 1999, the Mississippi Court of Appeals affirmed that conviction. *Taylor v. State*, 744 So. 2d 306 (Miss. Ct. App. 1999). In that opinion, this Court dealt with thirty-three (33) purported errors that Taylor had raised. One of the issues resolved in that opinion was the validity of Taylor's indictment. Taylor had claimed that he was tried under an invalid indictment because it showed a different age of the victim. The Court said that it found nothing in the record to support his contention and noted that the issue was not raised at trial. Accordingly, the Court determined there was no error.

¶4.     Over the last several years, Taylor has filed several petitions for post-conviction relief in the circuit court in 1999, 2005, 2011, and almost annually since 2012. He has also filed petitions with the Mississippi Supreme Court seeking relief.

¶5.     On March 7, 2018, Taylor filed a document in the circuit court entitled "Order to

---

[1] The statute now describes the crime as "statutory rape." Miss. Code Ann. § 97-3-65 (Rev. 2014).

Show Cause or Bring to Trial" in which he raises the same issue about the corrected indictment that he claims is forged. He says that the "original" indictment, the one with the error, was the true indictment that he was served with. He claims he was never served with the corrected indictment. He demands a trial under the "original" indictment, which apparently is not even in the court's file. Taylor raises no other grounds for relief.

¶6. On March 21, 2018, Taylor also filed a "Writ of Mandamus (or) Motion to Compel (or) Strike Error" in the circuit court, despite being styled "In the Mississippi Supreme Court." In this document, Taylor states that before the circuit court can rule on any post-conviction motion, the Mississippi Supreme Court must first grant leave. Taylor then goes on to fault the circuit court for not getting leave from the supreme court concerning post-conviction petitions be declared null and void. He does not ask for leave to file anything. No action appears to have been taken by any court on this motion which is irrelevant and contains a misstatement of the law.

¶7. On May 21, 2018, the circuit court entered its order dismissing Taylor's March 7, 2018 filing, saying the court had no authority to hear any post-conviction motion until Taylor obtains permission from the appellate court to file such a motion. Because he had not, the petition was dismissed. From this order, Taylor appeals.

**STANDARD OF REVIEW**

¶8. When reviewing a ruling court's denial or dismissal of a PCR motion, we will only disturb that court's decision if it is clearly erroneous . . . ." *Patrickson v. State*, 242 So. 3d 939, 940-41 (¶5) (Miss. Ct. App. 2018). But we review questions of law de novo. *Gray v.*

3

*State*, No. 2017-CP-00842-COA, 2019 WL 1349705, at *2 (Miss. Ct. App. Mar. 26, 2019);

*Williams v. State*, 248 So. 3d 910, 913 (¶8) (Miss. Ct. App. 2018).

## DISCUSSION

¶9.     The Mississippi Uniform Post-Conviction Collateral Relief Act provides:

> Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to the Supreme Court for leave to file a motion under this article shall be as provided in Section 99-39-27.

Miss. Code Ann. § 99-39-7 (Rev. 2015).  Pursuant to this statute, because his conviction and sentence have been affirmed on appeal, Taylor must first file a motion with the Supreme Court and be granted leave to file a motion for post-conviction relief before he files any petition for post-conviction relief in the circuit court.

¶10.    We have reiterated this requirement on numerous occasions, even directly to Taylor in his 2012 request for habeas corpus, which the circuit court dismissed because Taylor had sought but failed to obtain permission from the supreme court to proceed.  We affirmed the circuit court's dismissal saying that because Taylor failed to obtain permission to file the motion, the circuit court lacked jurisdiction to hear the matter.  *Taylor v. State*, 121 So. 3d 329, 331 (¶10) (Miss. Ct. App. 2013).  We also pointed out that in his PCR motion Taylor improperly re-argued issues previously determined on the direct appeal of his conviction.  In *Lockett v. State*, 614 So. 2d 888, 893 (Miss. 1992), the Mississippi Supreme Court held that "[r]ephrasing direct appeal issues for post-conviction purposes will not defeat the

4

procedural bar of res judicata." *Taylor*, 121 So. 3d at 331 (¶11).

¶11.    The law has not changed on this basic requirement, which we have most recently reiterated in *Saunders v. State*, No. 2018-CP-00141-COA, 2019 WL 1348363, at *1 (Miss. Ct. App. Mar. 26, 2019) and *Gray v. State*, No. 2017-CP-00842-COA, 2019 WL 1349705, at *1 (Miss. Ct. App. Mar. 26, 2019). While in those cases the petitioners raised collateral issues on which the Court commented, their requests for post-conviction relief were not granted because they did not secure leave from the Mississippi Supreme Court before filing.

¶12.    Directly on point is *Jones v. State*, No. 2017-CP-01510-COA, 2018 WL 6498665, at *1 (Miss. Ct. App. Dec. 11, 2018). There Jones, like petitioner Taylor here, had filed six applications with the supreme court requesting leave to file a post-conviction relief motion with the circuit court. The supreme court denied the first application and dismissed the five subsequent applications as untimely or successive. The last petition Jones filed directly with the circuit court, requesting the production of biological evidence that was used in connection with his conviction. We pointed out that the supreme court has held that "pleadings cognizable under the Uniform Post Conviction Collateral Relief Act (UPCCRA) will be treated as . . . motions for [PCR] that are subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleadings," citing *May v. State*, 116 So. 3d 1107, 1109 (¶4) (Miss. Ct. App. 2013). *Jones*, 2018 WL 6498665, at *1 (¶5). Ultimately, we held that Jones did not have permission from the supreme court to file his current petition and therefore, the circuit court lacked jurisdiction to hear it.

¶13.    Despite its title ("Order to Show Cause or Bring to Trial"), Taylor's March 17, 2018

5

filing with the circuit court clearly sought post-conviction relief. He raises the issue of the alleged forged indictment and challenges the circuit court's sentence, both of which were raised in his direct appeal years ago. Taylor never obtained permission from the Mississippi Supreme Court before filing this latest petition.

¶14. We recognize that errors affecting fundamental rights are excepted from the UPCCRA's procedural bars. *Rowland v. State*, 42 So. 3d 503, 507 (¶9) (Miss. 2010);[2] *Brandon v. State*, 108 So. 3d 999, 1004 n.3, 1006 (¶¶12, 23) (Miss. Ct. App. 2013). But even these exceptions may only be raised after first obtaining permission from the supreme court to file the appropriate motion. *Allen v. State*, 246 So. 3d 953, 955 (¶11) (Miss. Ct. App. 2018). Here the record reflects that Taylor has raised none of these exceptions in his filing with the court[3] and, more importantly, he failed to obtain permission to file it in the first place.

**CONCLUSION**

¶15. Taylor must follow the procedures outlined in the UPCCRA and needed to have

---

[2] Only four types of "fundamental rights" have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws. *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015). Taylor, as the movant, would bear the burden of proving an exception applies to the UPCCRA's procedural bars if the filing had been approved by the supreme court.

[3] In his brief to this Court, Taylor raises numerous issues (jurisdiction, sentencing, ineffective counsel, etc.), many of which he had raised in his direct appeal years ago. But these were not contained in the PCR filing nor considered by the circuit court. Thus they will not be addressed by this Court. *Crenshaw v. State*, 520 So. 2d 131, 134 (Miss. 1988). Nor do they need to be addressed since the circuit court lacked jurisdiction to consider the filing.

6

obtained leave from the supreme court before filing his latest petition. He did not do so. We therefore affirm the circuit court's dismissal for lack of jurisdiction.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**