960 So.2d 489 (2006)
Gary Dewayne ALLEN a/k/a Gary Wayne Allen, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00906-COA.
Court of Appeals of Mississippi.
October 3, 2006.
*490 Thomas M. Matthews, Jr., Thomas M. Matthews, III, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Gary Dewayne Allen was convicted of sexual battery and sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. On appeal, Allen claims that the statute of limitations bars his prosecution. We disagree and affirm.

FACTS
¶ 2. In November of 2002, Michael Miles was a guest in Allen's home. While there, Miles looked around for a videotape to watch. Miles discovered a videotape that depicted Amanda, Allen's stepdaughter,[1] performing oral sex on Allen. The tape was turned over to the George County Sheriff's Department several days later. On December 4, 2002, a warrant was issued for Allen's arrest.
¶ 3. On July 1, 2003, Allen was indicted for sexual battery in violation of Section 97-3-95(2) of the Mississippi Code Annotated (Rev.2000). The original indictment charged:
That Gary Wayne Allen in George County, Mississippi, during the year 2002, did willfully, purposely, unlawfully and feloniously commit Sexual Battery upon a child who was at the time in question 14 years of age or more, but less than 18 years of age, to wit: [Amanda], 16 years of age, by engaging in the act of sexual penetration, while in a position of authority, to-wit: stepfather, by placing the penis of Gary Wayne Allen in the mouth of [Amanda], contrary to the form of the statute in such cases and provided, and against the peace and dignity of the State of Mississippi.
¶ 4. Allen filed a "Demurrer or in the Alternative Motion to Dismiss." This pleading, in part, alleged that the language in the indictment, which read "during the year 2002," was not specific enough to allow Allen to properly defend the charges against him. On February 13, 2004, the circuit judge entered an order denying in part and granting in part the motion to dismiss. The circuit judge denied the motion and found that "[o]nly bare allegations as to the necessity of more specific allegations have been made by the Defendant. Dates alleged by indictments are subject *491 to amendments in criminal matters. . . . Being subject to amendment, the motion to dismiss is denied." However, the circuit judge granted the motion as to the charge of unlawful photographing or filming of another because it was barred by the statute of limitations. Miss.Code Ann. § 99-1-5 (Rev.2000).
¶ 5. On March 29, 2004, the circuit judge entered an order amending the indictment. The order, which states it was an ore tenus motion by the State and was agreed to as to form by Allen, amended the indictment to change the date of the alleged criminal acts. Thus, the language in the original indictment that charged the offenses occurred in "the year 2002" was amended to read that the criminal acts allegedly occurred "between July 31, 2000 and November 1, 2000."
¶ 6. After the jury was sworn, Allen's counsel made a motion to dismiss on the ground that the amended indictment was barred by the statute of limitations. Simply stated, Allen's counsel argued that because the criminal act occurred last on November 1, 2000, and the prosecution began with the issuance of a warrant on December 4, 2002, the two year statute of limitations under Mississippi Code Annotated Section 99-1-5 barred the prosecution of the sexual battery charge against Allen.
¶ 7. During the hearing on the motion, the State offered testimony of the victim that this conduct continued to occur, every other weekend and more often during the summer months, until shortly before Allen's arrest. The State argued and the trial court agreed to classify the offense as a continuing course of conduct. Alternatively, the State alleged that the statute was tolled because Amanda was "scared she would be taken away from her mother." The circuit judge determined that the statute was unclear and agreed with the State, and the court denied the motion.
¶ 8. At the conclusion of the trial, the jury returned a verdict of guilty. The circuit judge denied Allen's post-trial motions.

ANALYSIS
¶ 9. Allen argues that the statute of limitations, Mississippi Code Annotated Section 99-1-5, expired prior to the indictment and barred his prosecution. Our review centers on the interpretation of Section 99-1-5, as it existed on the date of the alleged offense, i.e. "between July 31, 2000 and November 1, 2000."
¶ 10. In 2000, on the date of the alleged offense, the statute of limitations for criminal acts in Section 99-1-5 (Rev.2000) provided:
A person shall not be prosecuted for any offense, with the exception of murder, manslaughter, aggravated assault, kidnaping, arson, burglary, forgery, counterfeiting, robbery, larceny, rape, embezzlement, obtaining money or property under false pretenses or by fraud, felonious abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-5-23, sexual battery of a child as described in Section 97-3-95(c) or exploitation of children as described in Section 97-5-33, unless the prosecution for such offense be commenced within two (2) years next after the commission thereof, but nothing contained in this section shall bar any prosecution against any person who shall abscond or flee from justice, or shall absent himself from this state or out of the jurisdiction of the court, or so conduct himself that he cannot be found by the officers of the law, or that process cannot be served upon him.

*492 Any prosecutions for felonious abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-5-23, sexual battery of a child as described in Section 97-3-95(c), or exploitation of children as described in Section 97-5-33, shall be commenced on or before the child's twenty-first birthday.
(emphasis added).
¶ 11. Allen argues that the statute of limitations expired before he was charged with a crime. Allen begins with the amended indictment, which alleged that the crime occurred "between July 31, 2000 and November 1, 2000." He then argues that the prosecution began on December 4, 2002, with the issuance of a warrant. Thus, he claims that the prosecution began more than two years after the date of the crime. He concludes that since he was charged with sexual battery, under Mississippi Code Annotated Section 97-3-95(2) (Rev.2000), then he was not charged with a crime that was specifically excluded from the statute of limitations in Section 99-1-5.
¶ 12. The State counters with two arguments. First, the State alleged that Allen engaged in a continuing course of conduct of sexual abuse against Amanda that did not terminate until shortly before his arrest. Second, the State argued that the statute of limitations should be tolled by concealment by one in parental authority over the child. The parties' briefs to this Court centered on these two issues.
¶ 13. During oral argument, this Court questioned the statutory exclusion contained in Section 99-1-5 that referred to the offense of "sexual battery of a child as described in Section 97-3-95(c)." A simple review and comparison of Section 99-1-5 and Section 97-3-95, effective in 2000, reveal that Section 97-3-95 did not have a subparagraph (c).
¶ 14. In 2000, Section 97-3-95 read:
(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person;
(c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
(2) A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.
Allen was charged under 97-3-95(2), which is also referred to as sexual battery by a person in a position of trust.
¶ 15. In 2000, the use of the language "sexual battery of a child as described in Section 97-3-95(c)" in Section 99-1-5 caused an ambiguity in what conduct was excluded from the operation of the statute of limitations. "It is a well recognized principle of law in this State that ambiguity must exist in the language used by the Legislature in a statute before resort will be had to any rules of statutory construction *493 or interpretation." Forman v. Carter, 269 So.2d 865, 868 (Miss.1972). Here, such an ambiguity clearly exists. We must attempt to discern the meaning of this language as applicable in 2000.
¶ 16. While it is not determinative, we note that this would not be a dilemma today. In 2003 and 2004, the Legislature amended Section 99-1-5 to exclude "sexual battery of a child as described in Section 97-3-95(1)(c), (d) or (2)."[2] Miss.Code Ann. § 99-1-5 (Supp.2006). Nevertheless, we must attempt to understand and interpret what the legislature excepted from the two year statute of limitations when it enacted Section 97-3-95.
¶ 17. The history of Section 97-3-95 indicates that the Legislature enacted the present statutory structure in 1993. Prior to that legislative amendment, Section 97-3-95 read:
A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person; or
(c) A child under the age of fourteen (14) years.
Considering this history, we are left with the clear sense that Section 99-1-5 and Section 97-3-95 were consistent prior to the 1993 legislative amendment. There is no doubt that Section 99-1-5 excluded from the statute of limitations the crime under Section 97-3-95(c), i.e. sexual battery with a child under the age of fourteen years.
¶ 18. Here, Amanda was born on November 30, 1986. The amended indictment alleges that the offense occurred "between July 31, 2000 and November 1, 2000." Thus, at the time of the alleged offense, Amanda was younger than fourteen years of age. Therefore, we interpret Section 97-3-95 to exclude from the operation of the statute of limitations the crime of sexual battery that was allegedly committed against Amanda.
¶ 19. After oral argument, this Court invited the parties to provide supplemental briefing concerning the statutory interpretation of sexual battery of a child as described in Mississippi Code Annotated Section "97-3-95(c)" and the application of the time limitations on prosecution of Mississippi Code Annotated Section 99-1-5. The Court also asked the parties to discuss whether this Court may consider the interpretation of Section 99-1-5 if this issue was not raised and considered by the trial court. Both parties submitted supplemental briefs.
¶ 20. Allen responded by quoting extensively from the case State v. *494 Traylor, 100 Miss. 544, 56 So. 521 (1911). We find the following language persuasive:
The court cannot create a law. Its sole power is to enforce the statute as written by the legislature. The court has no right to add anything to or take anything from a statute, where the meaning of the statute is clear. It is only in cases where the statute is ambiguous that any rule for the determination or construction of statutes can be resorted to. The word "such" is not a synonym of the word "other." It is difficult to conceive of where the words can be used interchangeably.
We know of no rule of law which will justify the court in convicting a person of any crime, unless the offense comes under the letter of the statute. The law is that criminal statutes must be strictly construed. Such has been the law from time immemorial.
Traylor, 100 Miss. at 558-59, 56 So. at 522-23. However, we do not see our interpretation as the creation of law. Clearly, there was an ambiguity in the statute due to the fact that language in one statute, Section 99-1-5, was left unchanged when another statute, Section 97-3-95, was amended. The amendments to Section 97-3-95 did not change the fact that Allen was guilty of the same elements of the former crime previously contained in Section 97-3-95(c), sexual battery of a child under the age of fourteen.
¶ 21. Allen's other argument is that appellate courts have "consistently held that errors raised for the first time on appeal will not be considered, especially where constitutional questions are concerned." Stockstill v. State, 854 So.2d 1017, 1023 (Miss.2003) (quoting Ellis v. Ellis, 651 So.2d 1068 (Miss.1995)). Indeed, this is a correct statement of the law. However, the State does not seek that we consider this issue for the first time on appeal. The question for our review is whether the trial court's decision was in error. Thus, we look to Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993), where the supreme court held:
While the circuit court erroneously hinged its decision on due process rights, we are not restricted to the court's rationale or its reasons for the result it reached. On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result. Stewart v. Walls, 534 So.2d 1033, 1035 (Miss.1988).
¶ 22. Therefore, we find that the trial court's rationale for its decision may not have been the most persuasive. We find that it was not reversible error. Accordingly, based on our interpretation of Section 99-1-5, we conclude that the trial court correctly decided that the charge against Allen was not barred by the statute of limitations.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, JJ., NOT PARTICIPATING.
NOTES
[1] To protect her identity, we do not use her real name but refer to Allen's stepdaughter as "Amanda" in this opinion.
[2] The Mississippi Code Annotated also contains the following "Historical and Statutory Notes:"

At its May 16, 2002 meeting, pursuant to its authority under Section 1-1-109, the Joint Legislative Committee on Compilation, Revision and Publication of Legislation ratified the correction of a typographical error in both paragraphs of the section. The words "Section 97-3-95(c)" were changed to "Section 97-3-95(1)(c) or (d)" in both paragraphs.
The 2003 amendment deleted the second undesignated paragraph which provided "Any prosecutions for felonious abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-3-23, sexual battery of a child as described in Section 97-3-95(1)(c) or (d) or exploitation of children as described in Section 97-5-33, shall be commenced on or before the child's twenty-first birthday".
The 2004 amendment substituted "97-3-95(1)(c), (d) or (2)" for 97-3-95(1)(c) or (d)".