IRVING, P.J.,
for the Court:
¶ 1. On December 14, 1984, Nevin Whetstone pleaded guilty to capital murder. Following his plea, the Lee County Circuit Court sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections. On June 14, 2011, Whetstone filed a motion for post-conviction relief (PCR), which the circuit court dismissed. Feeling aggrieved, Whetstone appeals and argues that his plea was involuntary and that the indictment, charging him with capital murder, was defective.
¶ 2. We hold that the circuit court correctly found that Whetstone’s PCR motion was both time-barred and successive-writ barred. Therefore, we affirm the circuit court’s dismissal of Whetstone’s PCR motion.
FACTS
¶ 3. On February 9, 1984, a Lee County grand jury indicted Whetstone for capital murder pursuant to Mississippi Code Annotated section 97-3-19(2)(e) (Rev.2006). Whetstone initially denied any connection to the crime. He later confessed that he and the victim had argued on the night of the murder and that he had hit her to protect himself from her advances. On December 14, 1984, Whetstone pleaded guilty to capital murder. The circuit court accepted Whetstone’s plea as knowing and voluntary.
¶ 4. On October 3, 1996, Whetstone filed his first PCR motion, in which he alleged that his indictment was defective and his counsel was ineffective. The circuit court dismissed this PCR motion, and the Mississippi Supreme Court affirmed the circuit court’s dismissal.[1] On June 14, 2011, Whetstone filed the present PCR motion, alleging that his indictment was defective and that his guilty plea was involuntary. The circuit court dismissed the motion as time-barred, pursuant to Mississippi Code Annotated section 99-39-5(2)(b) (Supp. 2012), and procedurally barred as a successive writ, pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2012).
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. An appellate court will not reverse the circuit court’s dismissal of a PCR motion absent a finding that the decision was clearly erroneous. Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011). Questions of law, however, are reviewed de novo. Id.

1. Procedural Bars

a. Time-Bar

¶ 7. The circuit court correctly found that Whetstone’s motion was time-barred. Section 99-39-5(2)(b) requires *619 PCR motions in capital cases to be filed “within one (1) year after conviction.” Here, Whetstone pleaded guilty to capital murder. Therefore, he had one year from December 14, 1984, the date of the entry of conviction, to file a PCR motion. Whetstone filed this PCR motion on June 14, 2011 — twenty-seven years after the limitations period had expired. Consequently, Whetstone’s PCR motion is time-barred.

b. Successive Writ

¶ 8. The circuit court also correctly found that Whetstone’s motion was procedurally barred as a successive writ. Section 99-39-23(6) provides that the dismissal or denial of a PCR motion is final and bars a second or subsequent motion. Section 99-39-23(6) also lists five instances when a subsequent PCR motion would be exempt from the procedural bar. Those instances are: (1) issues with the defendant’s supervening mental illness prior to the execution of a death sentence, (2) an intervening decision of the United States Supreme Court or of the Mississippi Supreme Court that would require a different outcome or sentence, (3) the existence of practically conclusive evidence, not reasonably discoverable at the time of trial, that would have caused a different result in the conviction or sentence if it were available at trial, (4) the defendant’s “sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked,” and (5) the PCR movant “has filed a prior petition and has requested DNA testing[,] ... provided the [movant] asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.” Miss.Code Ann. § 99-39-23(6).
¶ 9. As previously stated, on October 3, 1996, Whetstone filed his initial PCR motion, which the circuit court dismissed. Whetstone filed his second PCR motion on June 14, 2011. Therefore, he carried the burden of proving, by a preponderance of the evidence, that he satisfied at least one of the exceptions in section 99-39-23(6) in order to survive the procedural bar. Miss. Code Ann. § 99-39-23(7) (Supp.2012). Whetstone failed to carry this burden, as he failed to produce any evidence that would satisfy any of the exceptions listed in section 99-39-23(6). Additionally, our review of the record reveals no evidence that would satisfy the exceptions. Accordingly, Whetstone’s PCR motion is procedurally barred as a successive writ.

2. Involuntary Guilty Plea

¶ 10. Procedural bars notwithstanding, Whetstone’s claims are without merit. Whetstone argues that his guilty plea was involuntary because he did not sign a guilty-plea petition, and the circuit court failed to follow the guidelines of Rule 8.04 of the Uniform Rules of Circuit and County Court. When a PCR movant challenges the validity of his guilty plea, he carries the burden to prove that his plea was invalid. Hannah v. State, 943 So.2d 20, 25 (¶ 11) (Miss.2006). Whetstone has failed to demonstrate that his plea was invalid. While the record does not contain a guilty-plea petition, there is no rule that requires a defendant to sign a guilty-plea petition before the court can accept his guilty plea. Thus, the absence of a guilty-plea petition does not automatically invalidate the plea. Moreover, the record does not contain a guilty-plea transcript, and Whetstone has failed to submit any affidavits to support his contentions. Whetstone does not allege that he was induced or coerced into pleading guilty, and, without a transcript or affidavits to support his contention, we must presume that Whetstone’s guilty plea was valid. See id. Accordingly, this issue is without merit.

*620
3. Defective Indictment

¶ 11. Whetstone alleges that his indictment was defective because it did not contain “a plain, concise[,] and definite written statement of the essential facts constituting the offense charged”; it “failed to state ‘without the authority of law by any means or in any manner, done with or without design to effect death’ it did not have a sworn affidavit from the grand jury foreman attached; and it did not have a capias issued or executed. It is well established that a valid guilty plea waives all technical and non-jurisdictional defects or insufficiencies in the indictment except the failure to charge an essential element of the crime and lack of subject-matter jurisdiction. See Joiner v. State, 61 So.3d 156, 158-59 (¶ 7) (Miss.2011). Therefore, Whetstone waived all of the indictment’s non-jurisdictional defects when he pleaded guilty to the crime.
¶ 12. Whetstone also contends that the indictment was defective because it failed to set out the facts to support the allegation of rape as the underlying felony to the capital-murder charge. However, our supreme court has previously stated that naming the underlying felony in the capital-murder indictment is sufficient to place the defendant on notice of the charges against him, unless the underlying felony is burglary. See Stevens v. State, 808 So.2d 908, 920 (¶ 38) (Miss.2002). Here, the indictment stated that Whetstone “wilfully, unlawfully, feloniously[,] and with malice aforethought [killed and murdered the victim] ... while he ... was engaged in the commission of the crime of rape.... ” Because Whetstone’s indictment named the underlying felony, which was not burglary, we find that Whetstone’s indictment was sufficient to provide him reasonable notice of the charges against him. This issue is without merit.
¶ 13. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The supreme court's opinion was not designated for publication.