FAIR, J.,
for the Court:
¶ 1. In 1979, Ottis Cummings pleaded guilty to burglary of a dwelling and aggravated assault in two separate causes and was convicted and sentenced. He completed both sentences. In 2009, Cummings was convicted of felony driving under the influence. See Cummings v. State, 29 So.3d 859, 861 (¶ 6) (Miss.Ct.App.2010). Based on his 1979 convictions, he was found to be a habitual offender and was sentenced to life without eligibility for parole or probation. Id.
¶2. Subsequently, on June 11, 2012, Cummings filed two separate motions for post-conviction collateral relief (PCR) challenging his convictions from 1979. Because he raised the same issues in both motions, the motions were consolidated by the trial court and thereafter summarily dismissed as time-barred on June 14, 2012.
¶ 3. Cummings now appeals and argues the following: (1) the court erred in dismissing his claims as time-barred; (2) he received an illegal sentence; (3) the court erred in denying his PCR motion when the indictment failed to end with the constitutional words “against the peace and dignity of the State of Mississippi”; (4) the court erred in sentencing him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev.2007); and (5) his counsel was ineffective. We affirm the trial court’s dismissal, and address issues one, two, and three together, as they are related.
STANDARD OF REVIEW
¶ 4. The trial court may summarily dismiss a PCR motion without an eviden-tiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2012). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 5. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Cummings’s Indictments
¶ 6. Cummings pled guilty in both 1979 cases, so pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2012), he had three years from the entry of the judgments of conviction to file a PCR motion. That deadline has long since passed. Therefore, we must determine whether an *132 exception to these procedural bars applies. See Bell v. State, 95 So.3d 760, 763 (¶ 10) (Miss.Ct.App.2012) (citation omitted).
¶ 7. Cummings does not claim that he meets a statutory exception to the time-bar provided in section 99-39-5. Instead, he argues that his fundamental constitutional rights were violated because the indictments were insufficient. “Errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act].” Bell, 95 So.3d at 763 (¶ 12) (citation omitted). However, merely asserting “a constitutional right violation is not sufficient to overcome the time bar.” Stovall v. State, 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct.App.2004). “There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.” Crosby v. State, 16 So.3d 74, 79 (¶ 10) (Miss.Ct.App.2009) (citation omitted). '
¶ 8. Cummings first argues that his indictment for aggravated assault omitted an element of the crime by charging him with committing “bodily injury” to the victim, rather than “serious bodily injury.” However, an indictment for the crime of aggravated assault with a deadly weapon does not require the State to prove serious bodily injury. Jackson v. State, 594 So.2d 20, 24 (Miss.1992). Therefore, Cummings’s argument is without merit.
¶ 9. Cummings additionally claims that both indictments were flawed because they did not conclude with the language “against the peace and dignity of the State of Mississippi” and were not signed by the foreman of the grand jury. “Claims alleging defective indictment are ... barred when a motion for post-conviction relief is not -filed within the three-year time limitation.” Barnes v. State, 949 So.2d 879, 881 (¶8) (Miss.Ct.App.2007) (citation omitted). Further, “[e]ven if the indictment had been defective, [a defendant] waivefs] all technical and non-jurisdictional defects contained in the indictment by pleading guilty.” Clark v. State, 54 So.3d 304, 308 (¶ 9) (Miss.Ct.App.2011). The record undoubtedly reveals that Cummings pleaded guilty to both charges. We find all Cummings’s claims regarding the sufficiency of his indictments to be without merit.
2. Cummings’s Habitual-Offender Status
¶ 10. Cummings also argues that his 1979 pleas wex-e involuntary because he was unaware that the felonies could later be used to charge him as a habitual offender. Further,, he argues that the court’s failure to inform him of the potential effects of his guilty pleas constitutes i’eversible error. Cummings pi-esents only mere assertions for this argument and cites no relevant legal authority.
¶ 11. “Failure to cite relevant authority obviates the appellate court’s obligation to review such issues.” Kleckner v. State, 109 So.3d 1072, 1080 (¶ 12) (Miss.Ct. App.2012) (citation omitted). This issue is procedurally barred.
3. Cummings’s Counsel
¶ 12. To succeed on an ineffective-assistance-of-counsel claim, the appellant must satisfy the two-pronged test laid out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468 (Miss.1984). “First, the defendant must show that counsel’s pexformance was deficient. ... Second, the defendant must show that the deficient peiformance prejudiced the defense.” Id. at 477 (quoting Strickland, 466 U.S. at 687, 104 S.Ct.2052).
*133 ¶ 13. Cummings only makes bare assertions that his statements were involuntary. He has not shown that his counsel’s performance was deficient, as required under Strickland. Furthermore, he has not shown that his counsel’s allegedly deficient performance “proximately resulted in his guilty plea, and [that] • but for counsel’s errors, [he] would not have entered the plea.” Cole v. State, 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006). This issue is also without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
LEE, C. J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.