# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00514-COA

**BRIAN SWEET**                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:            03/26/2014
TRIAL JUDGE:                 HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      BRIAN SWEET (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: STEPHANIE BRELAND WOOD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION
                             COLLATERAL RELIEF DISMISSED
DISPOSITION:                 AFFIRMED: 04/14/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    On August 16, 2007, Brian Sweet, Craig Sweet, and Carl Hollins were indicted for the capital murder and kidnapping of Deshun Lynell Vaughn.  On January 19, 2010, Sweet entered a guilty plea and was sentenced to serve life in prison without the possibility of parole.

¶2.    On January 13, 2014, Sweet filed his motion for post-conviction collateral relief (PCCR).  The circuit court dismissed the motion with prejudice, and Sweet noticed his appeal.

¶3. This Court will not overturn a trial court's dismissal of a PCCR motion on appeal "unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013) (citation omitted). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

¶4. "The trial court may summarily dismiss a PCCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief.'" *Cummings v. State*, 130 So. 3d 129, 131 (¶4) (Miss. Ct. App. 2013) (quoting Miss. Code Ann. § 99-39-11(2) (Supp. 2012)).

¶5. The State argues that Sweet's motion is procedurally barred because Sweet failed to file it within three years. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). The State also argues that Sweet's motion fails to conform with the content requirements for such motions. Miss. Code Ann. § 99-39-9(1) (Rev. 2014).

¶6. We begin with the time-bar of section 99-39-5(2), which Sweet fails to address. Sweet entered a guilty plea on January 19, 2010, and he filed his PCCR motion on January 13, 2014. Accordingly, we find that section 99-39-5(2) bars our review of his motion.

¶7. Section 99-39-5(2) also provides:

Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:

(a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had

2

such been introduced at trial it would have caused a different result in the conviction or sentence; or

(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

¶8. Sweet's only argument is that he pleaded guilty under a defective indictment. Sweet's indictment stated:

[Sweet] did wilfully, unlawfully, and feloniously, without authority of law, kill and murder, Deshun Lynell Vaughn, a human being while they, the said Brian Sweet, Craig Sweet, and Carl Hollins, individually or while aiding and abetting and/or acting in concert with one another were then and there engaged in the commission of Kidnapping . . . in violation of Section 97-3-53 Mississippi Code of 1972 Annotated, as amended, all contrary to Section 97-3-19(2)(e) Mississippi Code of 1972 Annotated, as amended[.]

Here, Sweet claims that the omission of the language "with or without any design to effect death" made the indictment defective.

¶9. "Claims alleging [a] defective indictment are barred when a motion for post-conviction relief is not filed within the three-year time limitation." *Cummings*, 130 So. 3d at 132 (¶9) (quoting *Barnes*, 949 So. 2d 879, 881 (¶8) (Miss. Ct. App. 2007)). Sweet has not argued that any statutory exception, such as an intervening decision or newly discovered

evidence, applied to overcome the procedural bar.

¶10. Nevertheless, Sweet does claim that the defective indictment deprived him of certain constitutional rights. "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). Thus, we examine Sweet's contentions further.

¶11. Mere assertions are insufficient, as "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Cummings*, 130 So. 3d at 132 (¶7) (citations omitted). Sweet claims the defective indictment deprived him of his constitutional rights. Yet this Court has held that "[i]t is well established that a valid guilty plea waives all technical and non-jurisdictional defects or insufficiencies in the indictment except the failure to charge an essential element of the crime and lack of subject-matter jurisdiction." *Whetstone v. State*, 109 So. 3d 616, 620 (¶11) (Miss. Ct. App. 2013) (citing *Joiner v. State*, 61 So. 3d 156, 158-59 (¶7) (Miss. 2011)).

¶12. In *Whetstone,* Whetstone pleaded guilty to capital murder and filed an untimely PCCR motion. *Id.* at 619 (¶7). Whetstone argued that his indictment omitted several elements, including the phrase "done with or without design to effect death." *Id.* at 620 (¶11). This Court concluded that "Whetstone waived all of the indictment's non-jurisdictional defects when he pleaded guilty to the crime." *Id.* Further, the Court ruled that Whetstone's indictment was sufficient, and affirmed the PCCR motion's dismissal. *Id.* at (¶12).

¶13. Here, we find that Sweet's indictment was sufficient to charge him with capital

murder. Further, Sweet has failed to prove that the omission of the language "with or without any design to effect death" made the indictment defective or that this error affected a fundamental constitutional right.

¶14. Having found Sweet's motion is time-barred and no exception applies, we affirm the circuit court's judgment that dismissed Sweet's motion with prejudice.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**