## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-CP-01706-COA

**GARY DEWAYNE ALLEN A/K/A GARY ALLEN**
**A/K/A GARY D. ALLEN**

APPELLANT

**v.**

**STATE OF MISSISSIPPI**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2016 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GARY DEWAYNE ALLEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/15/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.    A George County jury convicted Gary Dewayne Allen of sexual battery and sentenced him to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC).  Allen appealed his conviction and sentence in 2006.  This Court affirmed his conviction and sentence in *Allen v. State*, 960 So. 2d 489 (Miss. Ct. App. 2006).  Allen filed his first motion for postconviction relief (PCR) in 2013 and his second in 2014. Both were dismissed. This appeal addresses Allen's third PCR motion, filed in 2016.  As set forth in this opinion, we affirm the trial court's dismissal for lack of jurisdiction.

¶2.    On November 14, 2016, Allen filed his third PCR motion, which the George County

Circuit Court dismissed on November 15, 2016. The trial court, in its order of dismissal, found that Allen's claims were time barred, barred as a successive writ, barred under the doctrine of res judicata, and were capable of determination at trial or on direct appeal. The trial court also found that Allen failed to seek permission from the Mississippi Supreme Court to file his PCR motion pursuant to Mississippi Code Annotated section 99-39-7 (Rev. 2015). Allen now appeals the trial court's dismissal of his PCR motion. Finding no error, we affirm the trial court's dismissal for lack of jurisdiction.

## FACTS

¶3. On July 1, 2003, Allen was indicted for sexual battery. A George County jury convicted Allen of the offense, and the trial court sentenced Allen to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). On direct appeal of his sentence and conviction, this Court affirmed the holding of the trial court. *Allen*, 960 So. 2d at 490 (¶1).

¶4. In January 2011, Allen filed a motion for reconsideration, which the Mississippi Supreme Court dismissed.[1] In February 2013, Allen filed a subsequent application for leave with the supreme court to proceed in the trial court. The supreme court dismissed his application on March 2, 2013.

¶5. Allen then filed a PCR motion and another application for leave with the supreme court to proceed in the trial court. The trial court dismissed his motion in August 2014. As a result, Allen filed two writs of mandamus. The supreme court dismissed them without

---

[1] The motion and order from Mississippi Supreme Court Cause No. 2010-M-00920 is absent from the record.

2

prejudice, and the supreme court also dismissed Allen's application for leave to file his PCR motion as moot.

¶6. Following the supreme court's dismissal of his prior motions, Allen filed a PCR motion on December 7, 2015. The supreme court entered an order denying his motion, finding Allen's claims "time barred, barred as a successive writ, barred under the doctrine of res judicata, and/or were capable of determination at trial or on direct appeal . . . [and that Allen failed] to make a substantial showing of the denial of a state or federal right."[2]

¶7. On November 14, 2016, Allen nonetheless filed the instant motion to show cause in the trial court, which the trial court treated as a PCR motion. The trial court responded with a dismissal and bar to future in forma pauperis status. The trial court took issue with Allen's motion, finding the motion to be an "obvious attempt at postconviction relief," despite its title. Additionally, the trial court found that Allen failed to seek permission of the supreme court to proceed in the trial court, which deprived the trial court of jurisdiction. The trial court cited section 99-39-7 that states the following: "[w]here the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . and an order granted allowing the filing of such motion in the trial court." Allen now appeals the dismissal of his third PCR motion.

**STANDARD OF REVIEW**

_____

[2] The motion and order from Mississippi Supreme Court Cause No. 2015-M-01261 is absent from the record.

3

¶8. "An appellate court will not reverse the circuit court's dismissal of a PCR motion absent a finding that the decision was clearly erroneous." *Whetstone v. State*, 109 So. 3d 616, 618 (¶6) (Miss. Ct. App. 2013). Jurisdictional "[q]uestions of law, however, are reviewed de novo." *Id*; *see also Crosby v. State*, 66 So. 3d 161, 165 (¶7) (Miss. Ct. App. 2010).

## DISCUSSION

¶9. Allen seeks exception from the time bar and successive-writ bar by asserting that his claims involve violations of his fundamental rights, and therefore should be excepted from the procedural bars. Specifically, Allen argues: (1) he was denied effective assistance of counsel guaranteed to him by the Sixth Amendment of the Constitution of the United States and Article III, section 26 of the Constitution of the State of Mississippi; (2) his conviction rests on illegally obtained evidence; (3) he was denied due process of law because the State withheld favorable evidence and continues to possess that evidence; and (4) he is innocent of the convicted crime.

¶10. Mississippi Code Annotated section 99-39-7 provides that:

Where a conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.

*See Wardley v. State*, 37 So. 3d 1222, 1224-25 (¶8) (Miss. Ct. App. 2010); *McKenzie v. State*, 66 So. 3d 1274, 1275-76 (¶¶4-5) (Miss. Ct. App. 2001).

¶11. While there are exceptions to the procedural time bar found in Mississippi Code Annotated section 99-39-5(2) (Supp. 2011) and successive-writ bar in Mississippi Code

Annotated section 99-39-23(6) (Supp. 2011), there is no relief provided to Allen for not complying with the requirements of section 99-39-7.  Without a motion for leave filed and permission from the Mississippi Supreme Court granted, Allen's PCR motion cannot properly be filed in the trial court.

¶12.    In the present case, Allen filed a motion to show cause in the trial court, which the trial court treated as a PCR motion.  Regardless of its title, the trial court found that the motion was an "obvious attempt at postconviction relief."  Accordingly, and based upon the foregoing, the trial court was deprived of jurisdiction to hear Allen's motion because he failed to receive permission from the supreme court as statutorily required in section 99-39-7.

¶13.    We therefore affirm the trial court's dismissal for lack of jurisdiction.

¶14.    **AFFIRMED.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**