# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00391-COA

**TYRONE HAVERCOME**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

DATE OF JUDGMENT:                    03/16/2022
TRIAL JUDGE:                         HON. CHARLES E. WEBSTER
COURT FROM WHICH APPEALED:           TUNICA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              THOMAS M. FORTNER
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: ALEXANDRA RODU ROSENBLATT
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                         AFFIRMED - 07/18/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    Tyrone Havercome appeals from the Tunica County Circuit Court's order dismissing

his motion for post-conviction relief (PCR) as time-barred. Finding no error, we affirm the

circuit court's order.

## FACTS

¶2.    In 1997, Havercome was indicted for capital murder and aggravated assault.[1] In

---

[1] Havercome's indictment is not in the record on appeal. However, neither party disputes that he was indicted for capital murder and aggravated assault. The record contains orders and transcripts from the circuit court that refer to the indictment. Accordingly, we accept the veracity here. *See Teal v. Jones*, 222 So. 3d 1052, 1057-58 (¶¶20-21) (Miss. Ct. App. 2017); *Grogan v. State*, 89 So. 3d 617, 622 (¶13) (Miss. Ct. App. 2011) (holding a reference in the circuit court's order to a prior order "is sufficient to take judicial notice of its existence").

November 1998, Havercome pled guilty to murder and aggravated assault.[2] The circuit court sentenced Havercome to serve life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) for his murder conviction and five years in the custody of the MDOC for his aggravated-assault conviction. The circuit court ordered that Havercome's aggravated-assault sentence be served consecutively to his life sentence.

¶3. Approximately twenty years later, on April 28, 2018, Havercome filed a PCR motion (in the form of a motion to vacate a judgment) and requested an evidentiary hearing. In his motion, Havercome argued that his guilty plea was involuntary because no factual basis existed for the circuit court to accept a guilty plea for deliberate-design murder and because Havercome did not understand the difference between a charge of capital murder and murder. Havercome also argued that Mississippi Code Annotated section 47-5-139(1)(a) (Rev. 2015), the conditional release statute, is unconstitutional because it prohibits him from seeking conditional release from his life sentence until he is sixty-five years old.

¶4. Regarding the timeliness of his motion, Havercome acknowledged that his PCR motion was filed outside the three-year limitations period set forth by the Uniform Post-Conviction Collateral Relief Act (UPCCRA). However, Havercome asserted that his motion was excepted from the statutory bars of the UPCCRA because his claims implicate fundamental due process rights that are excepted from those bars.

---

[2] Havercome's arguments in his PCR motion and on appeal focus exclusively on his plea to first-degree murder. Accordingly, our analysis focuses on solely the murder charge.

¶5. The circuit court entered an order denying relief and dismissing Havercome's PCR motion as time-barred and without merit. The circuit court found that Havercome's claims were time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) and were not subject to a fundamental-rights exception.[3] The circuit court also found no merit to Havercome's claims.

¶6. Havercome now appeals.

## STANDARD OF REVIEW

¶7. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Magee v. State*, 340 So. 3d 297, 300 (¶11) (Miss. 2022).

¶8. The UPCCRA provides that "a court may summarily dismiss a PCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Manuel v. State*, 304 So. 3d 713, 716 (¶8) (Miss. Ct. App. 2020) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)). We will affirm a circuit court's summary dismissal of a PCR motion "if the movant fails to demonstrate a claim is procedurally alive substantially showing the denial of a state or federal right." *Lopez v. State*, 343 So. 3d 408, 412-13 (¶10) (Miss. Ct.

---

[3] *See Rowland v. State*, 98 So. 3d 1032 (Miss. 2012), *overruled by Howell v. State*, 358 So. 3d 613, 615 (¶8) (Miss. 2023).

3

App. 2022).

## DISCUSSION

¶9. On appeal, Havercome argues that the circuit court erred in dismissing his PCR motion because Havercome entered his guilty plea without a charging document to support the charges against him. Havercome submits that the absence of an indictment or bill of information to support the charges implicates the double jeopardy protections of the Sixth Amendment.[4]

¶10. "[A] defendant who has pleaded guilty and seeks relief under the [UPCCRA] must file a PCR motion 'within three . . . years after entry of the judgment of conviction.'" *Hunt v. State*, 312 So. 3d 1233, 1234-35 (¶7) (Miss. Ct. App. 2021) (quoting Miss. Code Ann. § 99-39-5(2)). Havercome filed his PCR motion almost twenty years after he entered his guilty plea, well past the three-year limitations period. Accordingly, his PCR motion is time-barred unless he meets an exception to section 99-39-5(2).

¶11. The UPCCRA specifies that certain statutory exceptions exist to the statute of limitations. *See* Miss. Code Ann. § 99-39-5(2)(a)(i) (providing exceptions to the UPCCRA's three-year statute of limitations). As the PCR movant, Havercome bears the burden to prove a statutory exception to the UPCCRA's litigation bars. *Cook v. State*, 301 So. 3d 766, 777

---

[4] In his appellate brief, Havercome did not address his PCR claim about Mississippi's conditional release statute. As a result, "he has abandoned and waived this issue on appeal because he did not discuss it in his brief." *Lopez*, 343 So. 3d at 413 n.5; *accord* M.R.A.P. 28(a)(7).

(¶32) (Miss. Ct. App. 2020). Upon review, we find that Havercome has failed to even assert that an enumerated statutory exception applies to overcome the three-year statute of limitations.

¶12. Instead, Havercome alleges on appeal that his guilty plea was involuntary and that his constitutional right to be protected from double jeopardy was violated. Havercome's claims do not fall within a statutory exception to the UPCCRA's litigation bars; rather, they fall within the judicially crafted "fundamental-rights exception" to the bars. The Mississippi Supreme Court recently addressed this exception and overruled any precedent that has held "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell*, 358 So. 3d at 616 (¶12). Based on the supreme court's holding in *Howell*, we therefore conclude that Havercome's claims of a fundamental-rights exception fail to apply to or overcome the UPCCRA's time-bar. *See Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023).[5]

---

[5] Even prior to *Howell*, Havercome's double jeopardy claim would not be sufficient to overcome the UPCCRA's time-bar. The supreme court has previously held that a claim of an involuntary guilty plea is not excepted from the UPCCRA's time bar. *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000). Additionally, although the protection against double jeopardy was one of the fundamental rights previously excepted from the statute of limitations, *see Rowland*, 98 So. 3d at 1036 (¶6), Havercome's double jeopardy claim does not actually implicate the protections guaranteed by the Fifth Amendment, as applied through the Fourteenth Amendment. The Fifth Amendment's protection against double jeopardy guarantees three separate protections: "(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." *Graves v. State*, 969 So. 2d 845, 847 (¶7) (Miss. 2007). Here, Havercome does not argue that his guilty plea resulted from a successive prosecution for the same offense,

¶13.    Furthermore, Havercome's double jeopardy claim is procedurally barred on appeal because he failed to raise this claim in his PCR motion. *Smith v. State*, 477 So. 2d 191, 195 (Miss. 1985) ("Questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post-conviction environment.").[6] Although the supreme court has held errors affecting a clear denial of due process can be reviewed based upon plain error, Havercome has failed to demonstrate a clear denial of due process. *Id.*

¶14.    After reviewing the record, we find that Havercome has failed to explain why he could not raise his PCR claims within the three-year statute of limitations, or why he could not raise his double jeopardy claim in his PCR motion.

---

nor he does not contend that his sentence is duplicative. Instead, Havercome simply alleges that he *could* potentially face duplicative prosecutions and punishments because his indictment did not charge him with first-degree murder.

[6] In his reply brief, Havercome asserts that even if his double jeopardy claim was not actually labeled as such, "the trial court had before it the argument that Mr. Havercome was not afforded the right to be prosecuted [for murder] via an indictment or a bill of information." However, we agree with the State that Havercome's claim is "a defective-indictment claim in disguise." Claims of defective indictment are not sufficient to overcome the UPCCRA's time-bar. *Sweet v. State*, 177 So. 3d 833, 835 (¶9) (Miss. Ct. App. 2015).
    The record reflects, and both parties agree, that Havercome was indicted for capital murder and aggravated assault, but he ultimately pleaded guilty to the lesser-included crime of murder and aggravated assault. At the plea hearing, Havercome testified that he understood the charges against him, and Havercome admitted under oath that he was guilty of murder. Havercome's trial counsel also confirmed that he had informed Havercome of the elements of the charges of both capital murder and first-degree murder. After conducting a thorough plea colloquy, the circuit court found that Havercome's plea was "knowingly, understandingly, freely[,] and voluntarily made."

¶15. In a supplemental filing pursuant to Mississippi Rule of Appellate Procedure 28(k), Havercome acknowledges the supreme court's ruling in *Howell*. However, Havercome urges this Court to "address the merits of his double-jeopardy claim . . . just as the [supreme] [c]ourt ruled on the merits of Mr. Howell's illegal sentence claim in *Howell*." In *Howell*, the supreme court clarified that it only addressed the merits of Howell's time-barred PCR motion "[b]ecause [the court] announce[d] the partial overruling of *Rowland* . . . for the first time." *Howell*, 358 So. 3d at 616-17 (¶13). Because we find that the circuit court properly dismissed Havercome's PCR motion as time-barred, we decline to address the issues Havercome raises in his brief. *Creppel v. State*, 199 So. 3d 715, 720 (¶16) (Miss. Ct. App. 2016).

¶16. Finally, Havercome asserts that the circuit court's order of dismissal failed to comply with Mississippi Code Annotated section 99-39-11(1) (Rev. 2020) and Mississippi Rule of Civil Procedure 54(c). Rule 54(c) requires that when a PCR motion is summarily dismissed pursuant to section 99-39-11(2), "the order must identify the files, records, transcripts, and correspondence the court relied on and direct that certified copies of those documents be placed in the motion cause number's file." Although the circuit court's order details the "files, records, transcripts, and correspondence the court relied on" in rendering its decision, the order does not "direct that certified copies of those documents be placed in the [PCR] motion cause number's file." M.R.C.P. 54(c). Nonetheless, this Court has held that the circuit court's failure to strictly comply with Rule 54(c) is harmless error when "the relevant

7

information is included in the appellate record." *Wallace v. State*, 350 So. 3d 644, 650 n.2 (Miss. Ct. App. 2022), *reh'g denied* (Feb. 28, 2023).

¶17. Here, Havercome himself provided all the relevant documents and information that the circuit court needed to make its ruling on his PCR motion, and these documents appear in the appellate record before us. Additionally, neither Havercome nor the State has raised any questions as to the authenticity of these documents. We therefore find no reversible error.

## CONCLUSION

¶18. Because Havercome's PCR motion is barred by the UPCCRA, we find no error in the circuit court's dismissal of the motion.

¶19. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**